IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US INVENTOR, INC.,<br>3429 18th Street<br>Plano, TX 75074<br>                    Plaintiff,<br><br><br>                    vs.<br><br>UNITED STATES PATENT AND<br>TRADEMARK OFFICE,<br>600 Dulany Street<br>Alexandria, VA 22314<br><br>                    Defendant. | Civil Action No. 1:21-cv-2894<br><br>Hon. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff US Inventor, Inc. ("US Inventor") challenges the failure of the United States Patent and Trademark Office ("USPTO") to respond to requests for copies of records pursuant to FOIA request F-21-00186 seeking documents regarding delegations of authority within the USPTO, related documents and notifications.

2.      This case seeks declaratory relief that the USPTO is in violation of the FOIA, specifically, 5 U.S.C. § 552(a)(3)(A), for failing to provide US Inventor all responsive records, 5 U.S.C. § 552(a)(6)(A), for failing to provide US Inventor with a determination on its request within 20 business days, and 5 U.S.C. § 552(a)(4)(A), for failing to comply with the FOIA deadlines, as well as injunctive relief ordering Defendant to process and release to US Inventor immediately the requested records in their entirety.

## Jurisdiction and Venue

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B).

4.      Venue lies in the United States District for the District of Columbia under 5 U.S.C. § 552(a)(4)(B).

5.      The USPTO has FOIA regulations mandating its requirements to respond to FOIA requests.  37 C.F.R. § 102 *et. seq.*

6.      By statute, 5 U.S.C. § 552(a)(6)(C)(i), a requester satisfies constructive exhaustion if the agency fails to meet any of the deadlines of 5 U.S.C. § 552(a)(6).  The USPTO failed to meet the FOIA deadlines, and thus US Inventor benefits from constructive exhaustion.

## Parties

7.      Plaintiff US Inventor is a non-profit, inventor-led, and inventor-funded organization organized under section 501(c)(4) of the Internal Revenue Code. US Inventor represents more than 10,000 independent inventors and the small businesses they founded, own, and operate. Its mission is to educate inventors, lawmakers, agencies, and courts on matters affecting their inventor members and to participate in shaping and reforming those policies. US Inventor is committed to protecting the rights of citizen inventors and proponents of the patent system in order to "promote the Progress of Science and the useful Arts[,]" as described in Article 1 of the Constitution. U.S. Const., art. 1, § 8, cl. 8. As a part of this mission, US Inventor works to inform its membership and the public about the official activities, rulemaking, and procedures of the USPTO, as well as public perception of the USPTO. As a part of this mission, US Inventor works to provide information about the activities of government officials at the USPTO, and to ensure the integrity of the USPTO.   US Inventor

regularly makes records obtained from the USPTO or their analysis publically available on US Inventor's website at https://usinventor.org/ptab-foia-documents for use by journalists, scholars, students, and interested members of the public at no charge, and uses the information in reports, newsletters (www.usinventor.org/subscribe), and other public disseminations to advance US Inventor's educational mission.

8.      Defendant USPTO is an agency within the meaning of 5 U.S.C. §§ 552(f)(1) and 701(b)(1). Defendant has possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA request.

## Statutory and Regulatory Background

9.      The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10.      5 U.S.C. § 552(a)(6)(A) gives an agency twenty (20) business days after the receipt of the request to either produce the requested documents, or provide a "determination" letter that includes all of the following components: the determination and the reasons therefor, the right of the requester to seek assistance from the FOIA Public Liaison of the agency, if the determination is adverse, the right of the requester to appeal the agency's determination to the agency head, if the determination is adverse, the right of the requester to seek dispute resolution services from the PTO's FOIA Public Liaison or Office of Government Information Services, a date for production which may be extended no more than ten additional days, with an explanation of "unusual circumstances" specified by 5 U.S.C. § 552(a)(6)(B) (all of which relate to documents not within the control of a single custodian), an explanation of "exceptional circumstances," or a further explanation and invitation to reframe the request as specified by 5 U.S.C. § 552(a)(6)(B)(ii). Any adverse action "shall set forth the names and titles or positions of each person responsible for the denial of such request." 5 U.S.C. § 552(a)(6)(C)(i).

11.     No statute authorizes the agency to extend beyond the 20 days of 5 U.S.C. § 552(a)(6)(A) unless accompanied by a showing of "unusual circumstances" or "exceptional circumstances."

12.     An agency's failure to make this determination within 20 business days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## Factual Background - FOIA Request No. F-21-00186

13.     US Inventor's FOIA request of August 3, 2021 included requests for records of delegation of authority to perform the functions and duties of the PTO Director to Andrew Hirshfeld, and other records of delegation for specified Administrative Patent Judges to decide on institution and adjudicate on the merits in certain identified proceedings.  (Exhibit A).

14.     The USPTO acknowledged receipt of US Inventor's request on August 5, 2021, designating it as "FOIA Request No. F-21-00186," and stated that it "expects to send its response to this request no later than Wednesday, September 01, 2021.  You will be notified if it appears that additional time is required."  (Exhibit B).

15.     No response came as the USPTO promised on September 1, 2012.  Instead, on September 22, 2021, the USPTO sent a letter stating that the "request was perfected on August 4, 2021. The twenty-day statutory response period for the Agency's initial determination is September 22, 2021," and that "the response time limit is hereby extended ten additional working days to October 6, 2021."  (Exhibit C).

16.     US Inventor took issue with the USPTO's alleged compliance with the FOIA deadlines and on September 23, 2021 US Inventor sent a response stating that the USPTO letter of September 22, 2021 did not correctly count business days. It asked the USPTO to "identify (by listing) the exact dates which you count as '20 statutory business days' from August 4 to September 22 and identify (by listing) all dates which you do not count as statutory business days."  (Exhibit D).

4

17. On September 24, 2021, the USPTO replied, stating: "The agency's initial determination date should have been September 1, 2021 and a 10-day letter should have gone out on September 15. I do apologize for the computer glitch and the delay. We will do our best to get you the responsive documents requested as swiftly as possible." (Exhibit E).

18. US Inventor's FOIA Request F-21-00186 fully complied with USPTO FOIA Regulations and the records requested were described in enough detail to enable USPTO personnel to locate them with a reasonable amount of effort.

19. Neither the records sought, nor the reasons for their non-disclosure have ever been provided by the USPTO in response to the F-21-00186 FOIA Request. At a minimum, pursuant to 5 U.S.C. § 552(a)(6)(C)(i), US Inventor has effectively exhausted all applicable administrative remedies with respect to its requests.

## PLAINTIFF'S CLAIM FOR RELIEF

### COUNT I
### Failure to Produce Documents or Determination Within Statutory Time Limit

20. Plaintiff repeats, re-alleges, and incorporates paragraphs 1-19.

21. Plaintiff properly asked for records within the custody and control of the USPTO, and complied with USPTO regulations for making such request and properly sought a waiver of fees as a part of its public interest and educational mission with respect to the operations of the USPTO.

22. Defendant USPTO wrongfully withheld agency records requested by Plaintiff, and failed to comply with the statutory time limits including for making the determination required by 5 U.S.C. § 552(a)(6)(A)(i).

23. Plaintiff US Inventor is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its FOIA request.

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant USPTO to immediately and fully process US Inventor's FOIA request F-21-00186 and to disclose all non-exempt documents immediately to Plaintiff;

(2) Issue a declaration that Plaintiff is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.


Dated:  November 2, 2021                           Respectfully submitted,

                                                  */s/Brian Medich*
                                                  Brian Medich (DC Bar Id. 1671486)
                                                  bmedich@dbllawyers.com
                                                  Dunlap Bennett & Ludwig PLLC
                                                  1200 G St. NW
                                                  Suite 800
                                                  Washington, D.C. 20005
                                                  T: 571-919-6734

                                                  *Attorney for Plaintiff*
                                                  *US Inventor, Inc.*